UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 18-586-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MARK G. SMITH, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Plaintiff United States has filed a renewed motion for summary judgment regarding Defendant Mark Smith's unpaid federal income taxes and trust fund recovery penalties. [Record No. 26] It requests that judgment be entered against Smith for unpaid federal income taxes for the years 2005, 2006, 2008, and 2009 totaling $54,765.00, as of December 23, 2019, plus statutory accruals and interest. Additionally, it requests judgment against this defendant for federal trust fund recovery penalties totaling $65,515.26,[1] plus accrued penalties and interest. Further, the United States seeks valid tax liens and requests that the tax liens attach to the defendant's real property. The government also requests that its tax liens receive priority over any interest held by Defendant Jennifer M. Smith. Finally, the United States seeks to foreclose on the tax liens on the real property.

---

[1] It appears that the United States' numbers are off by one cent. For the tax period ending June 30, 1999, the outstanding balance is listed in the United States' table as $3,140.91 [Record No. 26-1, p. 5] but the tax assessment has an outstanding balance of $3,140.92. [Record No. 26-5, p. 13] Accordingly, the total outstanding balance as of December 23, 2019, should be $65,515.27.

The Smiths agree with the United States' motion regarding the unpaid federal income taxes owed under Count I and do not argue that attachment is improper for the federal tax liens under Count III. However, they contest the amount of liability for federal trust penalties under Count II. The Smiths assert that there is a genuine issue of material fact regarding the application of the sale proceeds of Mark Smith's business property on August 2, 2019, to his tax liabilities. [Record No. 29]

## I.

Mark Smith filed individual income taxes using Internal Revenue Service ("IRS") form 1040 for 2005, 2006, 2008, and 2009. [Record No. 16-4] The forms note an unpaid balance that remains unpaid, which has been accruing penalties and interest. [*Id*.] Smith admits that he has not made full payments for the income tax for 2005, 2006, 2008, and 2009 despite notice and demand for payment. Smith still owes $56,765.00 as of December 23, 2019.

Federal tax liens arose on December 25, 2006, April 21, 2008, November 23, 2009, and November 29, 2010, and attached to the property and rights in which Smith has an interest. [Record No. 26-4] The IRS previously filed Notices of Federal Tax Liens with the Fayette County Clerk of Court on August 1, 2007, April 13, 2010, and November 8, 2012. [Record No. 16-7] Smith acknowledges that he has not made full payment of these federal income taxes and, as noted above, he does not contest the attachment of the federal tax liens.

Smith was the sole corporate officer and president of M-F, Inc., d/b/a Thoroughbred Restaurant, from at least the fourth quarter of 1997 to the fourth quarter of 2005. [Record No. 16-6] He was responsible for the day-to-day activities of M-F, Inc., including financial policy, authorizing payments of federal tax deposits, paying creditors, and reviewing and signing payroll tax returns. [Record No. 16-3, p. 3; Record No. 16-6] During that time, M-F, Inc.

failed to pay the income, Social Security, and Medicare taxes withheld from its employees' wages to the IRS. [*Id.*]

The IRS previously examined Smith to determine if he should be held individually liable under 26 U.S.C. § 6672 for M-F's failure to pay income tax, Social Security, and Medicare withholdings that were withheld from its employee's wages. [Record No. 16-3, p. 2] Revenue Officer Linda Kelly (who has since passed away) interviewed Smith on August 18, 2008, and memorialized the interview in IRS Form 4180. [Record No. 16-3, p. 3] Smith agreed that he was in charge of financial decisions for M-F, Inc., and did nothing when he was notified of the tax liabilities. [Record No. 16-3, p. 3] He also admitted that he paid other creditors while delinquent payroll taxes accrued. [Record No. 16-3, p. 3] Smith was assessed civil penalties under 26 U.S.C. § 6672 for his willful failure to collect, withhold, and pay over employment taxes withheld from employee's wages. The United States asserts that, as of December 23, 2019, Smith owes $65,515.26 for trust fund recovery penalties. The IRS filed a Notice of Federal Tax Lien for the trust fund recovery penalties with the Fayette County Clerk of Court on March 26, 2009. [Record No. 16-8]

M-F, Inc. also failed to pay employment taxes, known as an "employer's share" of Federal Insurance Contributions Act ("FICA") taxes. These unpaid taxes are not part of this lawsuit but are still owed to the IRS. The IRS previously administratively seized the real property at 1483 Leestown Road, Lexington, Kentucky 40511, owned by M-F, Inc., to collect the taxes owed. [Record No. 21-2, p. 3] The IRS sold the property on August 2, 2019, and collected $70,000.00, which was remitted to the IRS in exchange for a discharge of the lien placed on the property. [Record No. 21-2, p. 3]

This $70,000.00 payment was treated as an involuntary payment pursuant to IRS Policy P5-14(1) and was supposed to be applied to non-trust liabilities of M-F, Inc. [Record No. 21-2, p. 4] However, there was an administrative error and the payment was applied to the oldest federal employment tax periods of M-F, Inc., meaning that the trust fund recovery penalties for the tax periods ending September 30, 1997; March 31, 1998; June 30, 1998; September 30, 1998; and December 31, 1998 were paid in full. [Record No. 21-2, p. 4] The United States no longer seeks judgment for the trust fund recovery penalties for these tax periods. But the trust fund recovery penalties remain for the other periods totaling $65,515.27, as of December 23, 2019.

Smith owns real property at 1808 Versailles Road, Lexington, Kentucky, 40504, with his wife. [Record No. 16-10] The real property is titled only in Mr. Smith's name, but his wife holds a dower interest in the property. [*Id.*]

**II.**

Entry of summary judgment is appropriate if there are no genuine disputes regarding any material facts and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Chao v. Hall Holding Co.*, 285 F.3d 415, 424 (6th Cir. 2002). A dispute over a material fact is not "genuine" unless a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986). The determination must be "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52; *see Harrison v. Ash*, 539 F.3d 510, 516 (6th Cir. 2008).

Once a moving party has met its burden of production, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Keeneland Ass'n, Inc. v. Earnes,* 830 F. Supp. 974, 984 (E.D. Ky. 1993) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). The nonmoving party cannot rely on the assertions in its pleadings; rather, it must come forward with probative evidence to support its claims. *Celotex*, 477 U.S. at 324. In deciding whether to grant summary judgment, the Court views all the facts and inferences drawn from the evidence in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co.*, 475 U.S. at 58.

### III.

The Smiths do not contest Count I and Count III. Thus, this opinion focuses on the objection to the trust fund recovery penalties under Count II.

The Smiths assert that they are not in agreement regarding the liability for the federal trust fund penalties and that there are genuine issues of material fact about the application of the proceeds from the August 2, 2019 sale.

> The Internal Revenue Code requires employers to withhold income and FICA (Social Security and Medicare) taxes from their employees' wages and to deposit the withheld amounts with the United States Treasury on either a monthly or semiweekly basis, depending on the amount of tax due. Employers are required to hold these monies in a special fund in trust for the United States, until such time as the employer is required to remit payment to the Treasury. The withholding taxes are part of the wages of the employee, held by the employer in trust for the government; the employer, as a function of administrative convenience, extracts money from a worker's paycheck and briefly holds that money before forwarding it to the IRS. An employer who fails to pay taxes withheld from its employees' wages is, of course, liable for the taxes which should have been paid.

*Byrne v. United States*, 857 F.3d 319, 326 (6th Cir. 2017) (internal citations and quotations omitted). The federal government imposes personal liability on individuals for outstanding

"trust fund taxes" who were "required to" pay the taxes and "willfully failed to pay the funds to the Internal Revenue Service." *United States v. Hartman*, 896 F.3d 759, 760-61 (6th Cir. 2018) (citing 26 U.S.C. § 6672(a)). An individual may willfully fail to pay the trust fund taxes by either knowing the company did not pay the taxes or by deliberately or recklessly disregarding a risk that the taxes were not paid. *Calderone v. United States*, 799 F.2d 254, 250 (6th Cir. 1986). An individual can act willfully if they intentionally pay other creditors before the federal government. *Bell v. United States*, 355 F.3d 387, 393 (6th Cir. 2004).

A tax "assessment is entitled to a legal presumption of correctness." *United States v. Nugent*, 300 F. Supp. 3d 932, 937 (E.D. Ky. 2018) (citing *United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002)). When the United States demonstrates a presumptive tax liability, an individual challenging the tax assessment "carries the burden of proving the assessment wrong." *Id*. (citing *McDermitt v. United States*, 954 F.2d 1245, 1251 (6th Cir. 1992)). "[T]he taxpayer must show the determination to be incorrect or arbitrary." *United States v. Rohner*, 634 F. App'x 495, 499 (6th Cir. 2015).

In this case, Smith admitted that he was responsible for paying the taxes for M-F, Inc., during the period that the company failed to pay the trust fund taxes. [Record No. 16-3, p. 3; Record No. 16-6] He also agreed that he paid other creditors prior to paying the delinquent taxes, meaning he willfully failed to pay the funds to the IRS. [*Id*.] The account transcripts detail how much Smith owes in civil penalties and there is a declaration from a revenue officer explaining the tax liabilities. [Record No. 26-5] The declarations and account transcripts detail that Smith still owes $65,515.27 in civil penalties. [Record No. 26-3 at 28-29; Record No. 26-5] The United States asserts that the defendants have not challenged the correctness of the transcripts, nor do they argue that the civil penalties were wrongfully assessed.

The United States has met the minimal evidentiary burden to show that the tax assessment is entitled to a presumption of correctness. *Rohner*, 634 F. App'x at 499. As a result, the Smiths bear the burden of rebutting the presumption of correctness by producing "affirmative evidence that contradicts the Secretary's assessment of his tax liability." *Nugent*, 300 F. Supp. 3d at 937 (quoting *United States v. Bogart*, No. 3:12-cv-0179, 2013 U.S. Dist. LEXIS 149493, at *3 (M.D. Tenn. Oct. 17, 2013)). In this regard, the Court notes that "[v]ague and general denials of an assessment's accuracy do not . . . establish a reasonable denial sufficient to shift the burden to the Government." *Rohner*, 634 F. App'x. at 499.

The Smiths assert a handful of vague arguments in an effort to create a genuine dispute of material fact and rebut the presumption of correctness. For instance, the Smiths argue that portions of the sale proceeds from the sale of the M-F, Inc. business property were misapplied to Smith's trust fund liabilities and may have been credited to liens that had already been released and the proceeds need to be re-allocated. They pose questions about how and why the sale proceeds were not applied in the typical manner and assert that these questions create a genuine issue of material fact. Finally, they contend that they were limited in the questions they could ask of Revenue Officer Fiona Schuler in her deposition and this has led to further confusion.

Schuler explained in her deposition that she was told to input the sale proceeds of the sale of the M-F property to the tax liabilities of M-F, Inc. "into the best-of-the-government interest, which is the non-trust fund portions of the M-F Inc." [Record No. 26-3, p. 17] She further testified that the proceeds of the sale should go to the non-trust fund portions of the tax liability. [Record No. 26-3, p. 25] However, she later found out that portions of the proceeds went to the trust fund portions of the liability. [Record No. 26-3, p. 32] The Smiths assert that

this misapplication creates a genuine issue of material fact. While the proceeds were applied in a manner that is not consistent with typical IRS policy, this does not create a genuine issue of material fact regarding whether Smith still owes civil penalties for the trust fund liabilities. The misapplication of funds reduced his overall tax liability but does not alter the fact that he still owes certain civil penalties. *See United States v. Kraljevich*, 364 F. Supp. 2d 655, 659-661 (E.D. Mich. 2005). The Smiths do not put forth any evidence rebutting the presumption of correctness regarding the $65,515.27 still owed for civil penalties. *See Gutherie v. United States*, 359 F. Supp. 2d 693, 698 (E.D. Tenn. 2005) (concluding that because tax assessments are presumed correct and the taxpayer had not demonstrated that the company's prior satisfaction of the tax liability rendered the tax assessment inaccurate or erroneous the United States had to prevail).

It further appears that the Smiths assert that the proceed payments should be reallocated. However, "[t]axpayers may not designate the application of involuntary tax payments," which includes payment received as a result from a levy or legal proceeding seeking to collect delinquent taxes. *Southeast Waffles, LLC v. United States Dep't of Treasury/IRS* (*In re Southeast Waffles, LLC*), 460 B.R. 132 n. 6 (6th Cir. B.A.P. 2011) (citing *United States v. Pepperman*, 976 F.2d 123, 127 (3d Cir. 1992)). Accordingly, the Smiths request for reallocation is misplaced.

**IV.**

The Smiths have not shown a genuine issue of material fact and have not rebutted the presumption of correctness of the tax assessments for the civil liabilities imposed. Thus, the United States is entitled to judgment as a matter of law.

Accordingly, it is hereby

**ORDERED** as follows:

1. The United States' motion for summary judgment [Record No. 26] is **GRANTED**.

2. Defendant Mark Smith is **ORDERED** to pay $56,765.00 as of December 23, 2019, plus statutory accruals for the unpaid federal income taxes for the tax years 2005, 2006, 2008, 2009.

3. Defendant Mark Smith is **ORDERED** to pay $65,515.27, plus statutory accruals for the unpaid trust fund recovery penalties assessed against him for the quarterly tax period ending from March 31, 1999, through December 31, 2005.

4. The United States holds valid and subsisting federal tax liens arising from the tax liabilities discussed above. The liens attach to the subject real property located at 1808 Versailles Road, Lexington, Kentucky, 40504.

5. Any right, title, claim, or interest that Defendant Jennifer Smith may hold in connection with the real property located at 1808 Versailles Road, Lexington, Kentucky, 40504 is extinguished.

6. The tax liens described in Paragraph 4 are **FORECLOSED,** in accordance with 26 U.S.C. § 7403, and the property shall be sold free and clear of any right, title, lien, claim or interest of all parties to satisfy the federal tax liens in accordance with an order of sale.

Dated: February 6, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky